NATIONAL FOOTBALL LEAGUE PROPERTIES, INC., Plaintiff-Appellee, *v.* CONSUMER ENTERPRISES, INC., Defendant-Appellant.

(No. 58546;

First District (2nd Division)—February 25, 1975.

Dominik, Knechtel, Godula & Demeur, of Chicago, for appellant.

Kirkland & Ellis, of Chicago, for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Defendant, Consumer Enterprises, Inc., appeals from an order of the circuit court granting plaintiff a preliminary injunction. The order enjoins defendant from: (1) manufacturing or selling emblems bearing the identifying marks used by the member clubs of the National Football League, "including the names by which such clubs are known to the public and the designs and symbols and team colors used to identify and

refer to such clubs" or anything "confusingly similar thereto"; (2) representing that any articles sold by defendant are sponsored or authorized by plaintiff or the member clubs; and (3) any action likely to cause confusion as to the origin or sponsorship of such goods. The sole question for review is whether the trial court abused its discretion in granting plaintiff a preliminary injuncton. *Roth v. Daley,* 119 Ill.App.2d 462, 256 N.E.2d 166.

Upon consideration of the property rights at issue and of the effect of a disclaimer, we are of the opinion that plaintiff is entitled to total preliminary injunctive relief.

Each member club of the National Football League has a symbol which consists of a name, design and color. These symbols have been registered or are being registered on the Principal Register in the United States Patent Office for entertainment services in the form of professional football games. Plaintiff has been authorized by each member club to act as its exclusive licensing agent for its name and symbol. Plaintiff, in turn, has granted Lion Bros., Inc., the exclusive license to manufacture embroidered emblems depicting plaintiff's symbols. The emblems manufactured by Lion are then placed on merchandise of other licensees to indicate that the merchandise is authorized or sponsored by the member clubs. Plaintiff alleged, *inter alia,* that it maintains quality control supervision over all licensed merchandise, and that the symbols of the member clubs, when displayed on the merchandise, represent valuable good will of the clubs.

Defendant is in the business of manufacturing and selling at retail level embroidered cloth emblems. It has made and sold emblems which are duplications of plaintiff's marks, without authorization from plaintiff, the member clubs of the NFL or the League itself. Each emblem is packaged with defendant's trademark ("The Show Offs") displayed on the upper portion of the package. The package states that the emblems can be sewn on or attached to clothing.

The trial court granted plaintiff a total preliminary injunction based upon a six-count complaint: (1) trademark infringement[1] and unfair competition; (2) injury to business reputation and dilution of trademark;[2] (3) deceptive trade practices;[3] (4) misappropriation of a property right; (5) misappropriation of the right of publicity; and (6) injury to business relationship.

---

[1] Ill. Rev. Stat. 1971, ch. 140, par. 19.

[2] Ill. Rev. Stat. 1971, ch. 140, par. 22.

[3] Ill. Rev. Stat. 1971, ch. 121½, par. 312.

■■ A reviewing court will reverse the order of a trial court granting a preliminary injunction only upon a clear showing that the trial court abused its discretion. (*Capitol Records, Inc. v. Vee Jay Records, Inc.*, 47 Ill.App.2d 468, 197 N.E.2d 503.) In determining whether a sufficient showing was made to sustain the temporary order, it is necessary to consider whether plaintiff has shown (1) a reasonable probability of eventual success on the merits; (2) irreparable injury; and (3) a balance of equities in plaintiff's favor. *Professional Business Management, Inc. v. Clark,* 83 Ill.App.2d 236, 227 N.E.2d 371.

■■■ Initially, we hold that plaintiff has a property right entitled to protection. Through the expenditure of large sums of money by the NFL and its clubs, the symbols have acquired a strong secondary meaning of identification of the member clubs. These symbols create and perpetuate the good will of the member clubs. These symbols, by identifying the member teams, perform the function of valid service marks. (*Mr. Travel, Inc. v. V.I.P. Travel Service, Inc.* (N.D. Ill. 1966), 268 F. Supp. 958, *aff'd* (7th Cir. 1967), 385 F.2d 420; Callman, Unfair Competition and Trademarks 2129 (2d ed.).) Moreover, when these marks are affixed to merchandise manufactured by plaintiff's licensees, they are entitled to trademark protection. Section 1 of "An Act to provide * * * for * * * protection of trademarks * * *" (Ill. Rev. Stat. 1971, ch. 140, par. 8) provides:

> "(a)'Mark' includes any trade-mark or service mark whether registered or not. 'Trade-mark' means anything adopted and used by a person to identify goods made, sold, produced or distributed by him or with his authorization and which distinguishes them from goods made, sold, produced or distributed by others. 'Service-Mark' means anything adopted and used by a person to identify services rendered by him or with his authorization and which distinguishes them from services rendered by others.
>
> * * *
>
> (e) A mark shall be deemed to be 'used' (1) in the case of a trade-mark, when it is placed in any manner on the goods, in or on any container for the goods, on the tags or labels affixed to the goods or containers, or is displayed in physical association with the goods in the sale or distribution thereof, or (2) in the case of a service mark, if it identifies a service, even though the service may be rendered in connection with the sale or distribution of goods of the owner of the mark. A mark shall be deemed to be 'used in this State' (1) in the case of a trade-mark when it is used on goods which are sold or otherwise distributed in this State, or

(2) in the case of a service mark if the service identified by the mark is rendered or received in this State."

Under both Federal law and Illinois law, an unauthorized use of another's valid trademark, which use is likely to cause confusion as to the origin of the goods, may be completely enjoined. (15 U.S.C. § 1125(a) (1970); Ill. Rev. Stat. 1971, ch. 140, par. 22.) In the instant case, plaintiff has elected the State remedies for relief.

Defendant's contention has been that it is merely copying plaintiff's marks and selling them; that it is selling the emblem designs as merely decorative products and that the emblems are not performing the trademark function of source identification. Defendant maintains that under the *Sears* and *Compco* doctrine (*Sears, Roebuck & Co. v. Stiffel Company*, 376 U.S. 225, *Compco Corporation v. Day-Brite Lighting, Inc.*, 376 U.S. 234), no State may prohibit the copying of unpatented and uncopyrighted products or trademarks, although a State may require the copier effectively to see to it that the public is not, in fact, deceived as to the source or origin or sponsorship of the products or trademarks or trademarked goods.

It is our opinion that defendant's interpretation of *Sears* and *Compco* is overbroad. In *Compco* the court did not deal with copying of trademarks and stated:

"Today we have held ٭ ٭ ٭ that when an article is unprotected by a patent or a copyright, state law may not forbid others to copy that article. To forbid copying would interfere with the federal policy, found in Art. I, § 8, cl. 8, of the Constitution and in the implementing federal statutes, of allowing free access to copy whatever the federal patent and copyright laws leave in the public domain." 376 U.S. 234, 237.

■■ Upon consideration of defendant's position, we do not agree that a trademark is an "article" within the scope of the *Sears* and *Compco* decisions. Defendant has duplicated plaintiff's trademarks and applied these marks to bare patches because the trademarks are associated with highly successful football teams that enjoy tremendous notoriety. Through the extensive licensing arrangements developed and perpetuated by plaintiff and its licensees, the buying public has come to associate the trademark with the sponsorship of the NFL or of the particular member team involved. For these reasons, we conclude that the copying of plaintiff's marks are not permitted under the doctrine of *Sears* and *Compco*.

We recognize that it has been held that:

"A trademark only gives the right to prohibit the use of it so far as to protect the owner's good will *against the sale of another's*

*product as his.*  \* \* \*  When the mark is used in a way that does not deceive the public, we see no such sanctity in the word as to prevent its being used to tell the truth." (*Prestonettes, Inc. v. Coty,* 264 U.S. 359, 368.) (Emphasis supplied.)

However, the instant case is not one in which a commercial rival uses another's trademark to identify the trademark owner's product in comparative advertising. (See, for example, *Champion Spark Plug Co. v. Sanders,* 331 U.S. 125; *Societe Comptoir de L'Industrie Cotonniere Etablissements Boussac v. Alexander's Department Stores, Inc.* (2nd Cir. 1962), 299 F.2d 33.) Defendant is not using plaintiff's trademarks in conjunction with its own product, and therefore, the copying of plaintiff's trademarks is not permitted by these aforementioned cases.

■■  Moreover, we reject defendant's contention that no trademark infringement has occurred because the emblems are merely decorative ornaments and do not identify sponsorship by plaintiff or the NFL or the member clubs. We note that defendant is in the business of manufacturing and selling embroidered emblems; it can place any design it wishes on the emblems. However, it has chosen to copy the marks of the NFL teams because they are very distinctive and are associated with highly successful football teams. Therefore, we conclude that the trademarks of the teams copied by defendant indicate sponsorship or origin in addition to their ornamental value. See *Coca-Cola Company v. Gemini Rising, Inc.* (E.D.N.Y. 1972), 346 F. Supp. 1183.

Defendant has relied on *Boston Professional Hockey Association Inc. v. Dallas Cap & Emblem Manufacturing, Inc.* (N.D. Tex. 1973), 360 F. Supp. 459, wherein the court held that the symbols of the National Hockey League teams sold as embroidered emblems by defendant were merely decorations, not trademarks, and could be copied under the rationale of *Sears* and *Compco,* so long as a disclaimer was attached to the defendant's product. We reject the reasoning of the Federal court for two reasons. First, the marks of the NFL teams, through the licensing arrangements, have strongly established secondary meaning as to sponsorship by the NFL. Secondly, disclaimer protection does not protect the property rights built up through the efforts of plaintiff, the NFL and the member teams. More importantly, great difficulty exists in framing an effective disclaimer.

■■  Unfair competition is a broader concept than trademark infringement, and depends upon likelihood of confusion as to the source of plaintiff's and defendant's goods when the whole appearance of the product is considered. (*Lady Esther, Ltd. v. Lady Esther Corset Shoppe, Inc.,* 317 Ill.App. 451, 46 N.E.2d 165.) It is clear that the Illinois Deceptive Practices Act (Ill. Rev. Stat. 1971, ch. 121½, par. 311 *et seq.*) merely

codifies Illinois common law. (*Clairol, Inc. v. Andrea Dumon, Inc.*, 14 Ill.App.3d 641, 303 N.E.2d 177.) It is also clear that plaintiff may be granted relief under a theory of unfair competition even though its products are not in direct competition with defendant's, and even though plaintiff does not show "palming off" by defendant. (*Lady Esther, Ltd. v. Lady Esther Corset Shoppe, Inc., supra.*) Upon our review of the pleadings in this case, and the exhibits attached hereto, we must conclude that a likelihood of confusion as to the source of defendant's emblems exists.

For the foregoing reasons, plaintiff has shown a probability of ultimate relief from trademark infringement, unfair competition and deceptive practices. In view of this conclusion we need not consider plaintiff's additional alleged causes of action. The order of the trial court enjoining the manufacture and sale by defendant of its emblems bearing the trademarks of the NFL teams is affirmed.

Judgment affirmed.

LEIGHTON and HAYES, JJ., concur.