McDONALD'S CORPORATION, Plaintiff,

v.

Ronald GUNVILL, William Garrity, and Ronald Gunvill and William Garrity, d/b/a Monks Pub, Defendants.

No. 77 C 1646.

United States District Court,
N. D. Illinois, E. D.

Oct. 20, 1977.

Robert E. Wagner and Robert E. Browne of Wagner & Aubel, Chicago, Ill., for plaintiff.

Michael R. Abramovic of Abramovic, Denklwalter & Ryan, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

GRADY, District Judge.

In early 1977, defendant Monks Pub erected an outdoor sign advertising "Monkburgers" in which the "M" resembles the plaintiff McDonald's famous "golden arches" and which contains the slogan "Less than 25 billion sold." Plaintiff has filed this action claiming trademark infringement, unfair competition, dilution, deceptive trade practices and consumer fraud. Defendants have moved to dismiss all counts for failure to state a claim. The motion is denied.

### Federal Claims

Section 1114(1) of the federal Trademark Act, 15 U.S.C. § 1114(1), provides that any person who uses a mark in commerce which is likely to cause confusion with a registered trademark shall be subject to the statutory remedies provided. The test for trademark infringement under the statute is whether the public "would be likely to associate the product or service with which [the accused mark] is connected with the source of products or services with which an earlier mark is connected." *James Burrough Ltd. v. Sign of Beefeater, Inc.*, 540 F.2d 266, 275 (7th Cir. 1976). "A third party, the consuming public, is present and its interests are paramount. Hence infringement is found when the evidence indicates a likelihood of confusion, deception or mistake on the part of the consuming public." *Id.* at 274.

Defendants argue that plaintiff has not sufficiently alleged that the defendants have used a confusingly similar mark and further that plaintiff's trademark was used only in a comparative advertising format. Both arguments must be rejected. Likelihood of confusion is a question of fact. *Union Carbide Corp. v. Ever-ready, Inc.*, 531 F.2d 366, 383 (7th Cir. 1976), *cert. denied*, 429 U.S. 830, 97 S.Ct. 91, 50 L.Ed.2d 94. It must be tested by the consumers' state of mind when faced with the individual marks, and not by this court's side-by-side comparison of the marks. *Id.* at 382. The plaintiff is not required to prove the likelihood of confusion at the pleading stage. The complaint alleges that defendants' sign "is causing and is likely to cause confusion and mistake, as well as to deceive purchasers and the public." (Complaint

¶ 11) This allegation, taken with the rest of the complaint, sufficiently states a claim under the federal statute proscribing trademark infringement.

■ Defendants also argue that this is a case of comparative advertising and therefore their use of plaintiff's mark is lawful. It is . true that "one who has copied an unpatented product sold under a trademark may use the trademark in his advertising to identify the product he has copied . . . so long as it does not contain misrepresentations or create a reasonable likelihood that purchasers will be confused as to the source, identity, or sponsorship of the advertiser's product." *Smith v. Chanel, Inc.*, 402 F.2d 562, 563 (9th Cir. 1968). However, there is no indication from the complaint that comparative advertising is involved. The sign in question does not compare the products or services provided by the plaintiff with those of defendants. Moreover, even if comparative advertising were involved, the ultimate test is whether the use of the mark creates a likelihood that purchasers will be confused as to the source of the advertiser's product. As previously stated, this is a question of fact which cannot properly be decided on a motion to dismiss.

■ Count II alleging unfair competition is brought under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) which provides in relevant part:

(a) Any person who shall affix, apply, or annex, or use in connection with any goods or services, . . . a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods or services to enter into commerce, . . . shall be liable to a civil action by . . . any person who believes that he is or is likely to be damaged by the use of any such false description or representation.

Defendants argue that Count II fails to state a claim for relief under this statute because plaintiff does not allege that the advertisement contains false statements of fact about defendants' product, the Monk-

burger. Defendants have misconstrued the law and the complaint. Plaintiff alleges that the use of McDonald's marks constitutes a false representation to the public that defendants' restaurant services or products are associated with McDonald's. The complaint presents a classic case of "palming off" which falls within the literal terms of Section 43(a). "It is clear . . . that the primary purpose of the Act was to eliminate deceitful practices in interstate commerce involving the misuse of trademarks." *Bernard Food Industries, Inc. v. Dietene Company*, 415 F.2d 1279, 1283 (7th Cir. 1969), *cert. denied*, 397 U.S. 912, 90 S.Ct. 911, 25 L.Ed.2d 92, citing *Samson Crane Co. v. Union National Sales, Inc.*, 87 F.Supp. 218, 222 (D.Mass.1949). Plaintiff's allegations fit within the narrowest application of the Lanham Act. Moreover, it is generally accepted that Section 43(a) creates a federal cause of action for false advertising, provided the misrepresentation relates to the defendant's own product. *Alberto-Culver Co. v. Gillette Co.*, 408 F.Supp. 1160, 1163 (N.D.Ill.1976). This is so even if palming off or misuse of a trademark are not alleged as they are in this case. Defendants' reliance on *Skil Corp. v. Rockwell International Corp.*, 375 F.Supp. 777 (N.D. Ill.1974), is misplaced. Not only does *Skil Corp.* involve comparative advertising, but plaintiff has alleged the elements of a Section 43(a) claim recited in that decision.

### State Claims

■ Count III, grounded in common law unfair competition, and Count V, based on the Illinois statute governing deceptive trade practices, can be treated together. Ill.Rev.Stat. ch. 121½, § 311 *et seq.*, is merely a codification of the Illinois common law of unfair competition. *National Football League Properties, Inc. v. Consumer Enterprises, Inc.*, 26 Ill.App.3d 814, 327 N.E.2d 242, 247 (1975). Thus the sufficiency of Counts III and V can be measured by the same test. "Unfair competition is a broader concept than trademark infringement, and depends upon likelihood of confusion as to the source of plaintiff's and defendant's

goods when the whole appearance of the product is considered." *Id.* The same set of facts will support a claim for both trademark infringement and unfair competition. *James Burrough Ltd. v. Sign of Beefeater, Inc., supra* at 274. The allegations of the unfair competition counts repeat the facts recited in plaintiff's trademark count. Plaintiff goes on to allege in Count III that defendants' use of McDonald's "arches" is likely to confuse purchasers, and that Monks Pub's alleged misappropriation of plaintiff's mark will cause injury to McDonald's property and good will. Count III thus sufficiently states a claim for common law unfair competition. In Count V, based on Sections (3) and (12) of the Illinois Deceptive Trade Practices Act, Ill.Rev.Stat. ch. 121½, § 312, plaintiff alleges that defendants' use of the "arches" mark "caused a likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by McDonald's." (Complaint ¶ 24) Taken in conjunction with the reallegation of the facts in Count I, plaintiff has stated a claim for relief under the statute.

 Defendants recognize that the test for unfair competition is whether a likelihood of confusion, deception or mistake exists. However, they argue that to state a claim for common law unfair competition, plaintiff must allege similarities between the hamburgers sold by plaintiff and defendant. This is simply not the case. The proper inquiry is the likelihood of consumer confusion, not similarity of products. *See Polaroid Corp. v. Polaraid, Inc.,* 319 F.2d 830, 833–36 (7th Cir. 1963). Defendants further claim that McDonald's lacks standing to pursue its claim under the Illinois Deceptive Practices Act. It is true that the Act is designed to protect consumers from "having goods of one manufacturer being 'palmed off' as goods made by another manufacturer." *Dave Grossman Designs, Inc. v. Bortin,* 347 F.Supp. 1150, 1157 (N.D.Ill.1972). However, defendants' argument that standing is restricted to consumers must be rejected. It is clear from the statute that "a person likely to be damaged by a deceptive trade practice of anoth-

er may be granted an injunction . . . upon terms that the court considers reasonable." Ill.Rev.Stat. ch. 121½, § 313. The definition of "person" includes a corporation. Ill.Rev.Stat. ch. 121½, § 311(5). Thus, clearly McDonald's has standing under the statute.

 In Count IV, plaintiff seeks relief under the Illinois Anti-Dilution Statute, Ill.Rev.Stat. ch. 140, § 22, which provides in relevant part:

> Every person . . . adopting and using a mark [or] trade name, . . . may proceed by suit . . . to enjoin subsequent use by another of the same or any similar mark, trade name, label or form of advertisement if there exists a likelihood of injury to business reputation or of dilution of the distinctive quality of the mark, . . . notwithstanding the absence of competition between the parties or of confusion as to the source of goods or services.

The Seventh Circuit has interpreted the Act to furnish a basis for two causes of action: "(1) if there exists a likelihood of injury to business reputation or (2) if there is a dilution of the distinctive quality of the mark or trade name." *Polaroid Corp. v. Polaraid, Inc.,* 319 F.2d 830, 836 (7th Cir. 1963). Plaintiff has alleged that McDonald's uses the trademark of the "golden arches," that defendants have subsequently adopted that mark, and that defendants' continued use of the "arches" mark will dilute its distinctive quality. These allegations are clearly sufficient to state a claim under the Illinois Anti-Dilution Statute, and may provide an alternative basis for relief. Defendants' argument that the statute does not apply if the parties are in competition is without merit. "The Anti-Dilution Statute is designed to protect a strong trade name or mark from use by another and hence dilution regardless of competition between the parties." *Filter Dynamics International v. Astron Battery,* 19 Ill.App.3d 299, 311 N.E.2d 386, 398 (1974).

 Defendants argue that Count VI, founded on the Illinois Consumer Fraud and

76

Deceptive Business Practices Act, Ill.Rev. Stat. ch. 121½, §§ 262, 270a, should be dismissed because McDonald's, as a corporation, lacks standing to bring such an action. In support of their contention, defendants cite from the preamble of the prior Consumer Fraud Act, which protected only consumers and borrowers. *People ex rel. Scott v. Cardet International, Inc.*, 24 Ill.App.3d 740, 321 N.E.2d 386 (1974). This Act was amended in 1973 to protect "consumers, and borrowers and businessmen against fraud, unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Preamble to Ill. Rev.Stat. ch. 121½, § 261 *et seq.* McDonald's clearly fits the definition of "businessmen" and has standing to bring this action under Ill.Rev.Stat. ch. 121½, §§ 262 and 270a. Taken together, these two sections provide that any person who is damaged by unfair methods of competition or deceptive acts or practices, including the practices proscribed by Section 312, such as "palming off," may bring an action for damages.[1]

▆▆ Defendant's final argument is that the Illinois statute proscribing the unauthorized use of service marks and trademarks, Ill.Rev.Stat. ch. 140, §§ 24, 25, does not apply to a case involving comparative advertising. Defendants misconstrue the allegations of the complaint. Nowhere in the complaint or attached exhibits is there any indication that this is a case where "a commercial rival uses another's trademark to identify the trademark owner's product in comparative advertising." *National Football League Properties, Inc. v. Consumer Enterprises, Inc.*, 26 Ill.App.3d 814, 327 N.E.2d 242, 246 (1975). The statute prohibits the unauthorized use of a trademark or its imitation. Ill.Rev.Stat. ch. 140, §§ 24, 25. Section 28 grants standing to any person injured by a violation of these provisions. Ill.Rev.Stat. ch. 140, § 28. Count VII states a claim for relief under these provisions.

Throughout their motion, defendants have sought dismissal based on the court's visual comparison of the advertisements and products in question. Factual inquiries such as these are improper in ruling on a motion to dismiss, and must await a determination on the merits.

Accordingly, defendants' motion to dismiss all seven counts of the complaint is denied.

---

1. Relief under the Consumer Fraud Act is apparently limited to damage claims. *See Bonner v. Westbound Records, Inc.*, 49 Ill.App.3d 543, 7 Ill.Dec. 409, 364 N.E.2d 570 (1977).