58 CCPA

**FOREMOST–McKESSON, INC.,**
**Appellant,**

v.

**FOREMOST SALES PROMOTIONS,**
**INC., Appellee.**

Patent Appeal No. 8473.

United States Court of Customs
and Patent Appeals.

June 24, 1971.

Paul D. Flehr, Milton W. Schlemmer, San Francisco, Cal., attorneys of record, for appellant.

Charles A. Laff, Pendleton, Neuman, Williams & Anderson, Chicago, Ill., attorney of record, for appellee.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and RE, Judge, United States Customs Court, sitting by designation.

RICH, Judge.

This appeal is from the decision of the Patent Office Trademark Trial and Appeal Board, fully reported at 158 USPQ 360, in a consolidated opposition and cancellation proceeding.

In opposition No. 42,743 appellant opposed the registration by appellee of the wordmark FOREMOST as a service mark "for aiding liquor stores in the fields of advertising, merchandising and sales promotion * * *." The board dismissed the opposition.

In cancellation No. 8,485 appellant petitioned to cancel appellee's registration No. 321,542 issued Feb. 5, 1935, under the Act of February 20, 1905, to a predecessor in business of appellee and acquired by it through mesne assignments. This registration is of the word "foremost" in decorative type for whiskey. The board denied the petition to cancel.

**1192**

The opposition and cancellation were brought by Foremost Dairies, Inc., now by merger Foremost-McKesson, Inc., Dairies having merged during these proceedings with McKesson and Robbins, Inc. The basis of the opposition and petition is appellant's use and registration of FOREMOST for various dairy products and related food and beverage items. Both parties took testimony and developed a record of over 500 printed pages with many exhibits. It appears that both parties have been concurrently using FOREMOST on their respective goods and services over a long period and on a large scale.

The board unanimously adopted an extensive and very thorough opinion in support of its decisions which we find, on review, enjoys very substantial support in the record and contains no clear error. We have given careful consideration to all of appellant's arguments in its brief and to appellee's replies thereto. We agree with appellee's statement that "The entire thrust of DAIRIES' appeal is that the Board exercised a wrong judgment, rather than that it erred about the law or the important facts." What we said in Witco Chemical Co. v. Whitfield Chemical Co., 418 F.2d 1403, 57 CCPA 804 (1969), applies equally here:

> It is, after all, a matter of judgment and appellant's position is, fundamentally, that the board exercised a wrong judgment, not that it was in any way mistaken about the law or the important facts. We are not disposed to overturn the unanimous judgment of the board in a case such as this one where judgments may differ but in which it appears to have done a careful job and where there is substantial support in the record for what it has done.

The decisions of the board in the opposition and the cancellation are affirmed.

Affirmed.