EZ LOADER BOAT TRAILERS, INC., Appellant,

v.

COX TRAILERS, INC., Appellee.

Appeal No. 83–539.

Opposition No. 62442.

United States Court of Appeals, Federal Circuit.

May 4, 1983.

August E. Roehrig, Jr., Chicago, Ill., for appellant.

W.M. Webner, Arlington, Va., for appellee.

Before MARKEY, Chief Judge, and FRIEDMAN and NICHOLS, Circuit Judges.

FRIEDMAN, Circuit Judge.

This is an appeal from a decision of the Patent and Trademark Office Trademark Trial and Appeal Board (the Board) (213 USPQ 597 (1982)), denying an opposition to registration of "SUPER LOADER" as a

trademark for boat trailers that were distributed in the same market as the boat trailers of the appellant bearing somewhat similar marks. The Board held that there was no likelihood of confusion. We affirm.

## I.

The appellant and the appellee manufacture and sell boat trailers. These are vehicles upon which a pleasure boat is loaded and then towed by automobile or truck to and from the boat-launching site, and upon which boats are stored when not in use. Although there are various designs of boat trailers, it is conceded that the manner of loading them usually is similar for all.

The appellant entered the boat trailer business in 1951 and today is a major manufacturer of the product. It distributes its boat trailers through 17 distributorships, which in turn sell to 4,500 dealers throughout the United States.

The appellee entered the boat trailer business in 1952. It distributes its trailers primarily on the east coast through its own distribution center, which sells to distributors and dealers. Its volume of boat trailer sales apparently is substantially less than the appellant's.

Since 1954, all of the appellant's boat trailers displayed the trademark "EZ LOADER," primarily on a decal affixed to the frame of the trailer. In 1976, the appellant introduced a small trailer which it marketed under the trademark "MINI LOADER." (Appellant conceded on oral argument that the relatively limited use of "MINI LOADER" was insufficient to create a "family-of-marks" situation.)

In 1977, the appellee adopted the trademark "SUPER LOADER" for a series of its largest boat trailers. It, too, attached the mark to its trailers by decals affixed to the frame. The appellee then applied for registration of its mark "SUPER LOADER." The appellant opposed registration on the ground that the appellee's use of that mark would cause confusion in view of the appellant's use of "EZ LOADER" and "MINI LOADER."

The Board dismissed the opposition. The Board noted that it was undisputed that the appellant had priority in use of its mark, that the marks were used for the same product, and that the products were distributed through the same channels of trade to the same customers. It pointed out that boat trailers have four functions, one of which is "to load the boat onto the trailer."

The Board concluded, on the basis of the appellant's references in its advertising to the ease of loading of its trailers, and the general use of the word "LOADER" in connection with trailers of various types, that "the mark [EZ LOADER] is highly suggestive" of the appellant's product and that in determining likelihood of confusion, it was appropriate to consider "that a portion of a mark (common to a corresponding portion of the mark of the other party) may be weak in the sense that it is descriptive, highly suggestive or in such common use by other traders in the same market as to not have very much effect in distinguishing source." The Board stated that

except for the common word "LOADER" which we also consider to be highly suggestive of the goods herein involved, the marks do not look or sound alike, nor do they have similar connotations. As to the latter point, if "EZ LOADER" suggests a trailer which is "easy to load", the image conveyed by "SUPER LOADER" is clearly different. [The record reflects that the load carried by a SUPER LOADER would be an unusually heavy one.]

The Board further stated:

Opposer contends that "SUPER LOADER" might be thought to be a companion product of its "MINI LOADER". We do not agree. The opposite of "MINI" is "MAXI". Although "MINI LOADER" is highly suggestive of a trailer for small loads, this is distinctly a different impression than that which is conveyed by "SUPER LOADER".

The Board concluded that "the registration and use of 'SUPER LOADER' for boat trailers will not result in a likelihood of confusion, mistake or deception of purchasers."

## II.

This is a close case. The products are the same, and they are disseminated through the same channels of trade to the same customers. The only question is whether the respective marks are sufficiently similar that there is likely to be confusion among customers as to the source of the particular product with the particular mark.

The facts are undisputed, and no error of law has been shown. When, as here, the sole difference resides in the marks themselves, the ultimate decision on likelihood of confusion necessarily involves a substantial degree of subjectivity.

On the basis of its evaluation of the evidence and the inferences it drew from that evidence, the Board unanimously concluded that in the circumstances here "the registration and use of 'SUPER LOADER' for boat trailers will not result in a likelihood of confusion, mistake or deception of purchasers." * We have no reason to reject that determination. As the Court of Customs and Patent Appeals stated in *Witco Chemical Company v. Whitfield Chemical Company,* 418 F.2d 1403, 1405, 164 USPQ 43, 45 (Cust. & Pat.App.1969), in affirming a Board determination that there was no likelihood of confusion:

> It is, after all, a matter of judgment and appellant's position is, fundamentally, that the board exercised a wrong judgment, not that it was in any way mistaken about the law or the important facts. We are not disposed to overturn the unanimous judgment of the board in a case such as this one where judgments may differ but in which it appears to have done a careful job and where there is substantial support in the record for what it has done.

*See also Foremost-McKesson, Inc. v. Foremost Sales Promotions, Inc.,* 443 F.2d 1191, 1192, 170 USPQ 221, 222 (Cust. & Pat.App. 1971).

The decision of the Trademark Trial and Appeal Board dismissing the opposition is affirmed.

AFFIRMED.

---

\* One of the cases the Board cited was *Air Lift Co. v. Maremont Corp.,* 161 USPQ 493 (TTAB 1969), *aff'd,* 463 F.2d 1114, 174 USPQ 395 (Cust. & Pat.App.1972). Appellant distinguishes that case on the ground that the court there noted the conditioning of the public to look to non-common portions of the marks involved. The Board's decision in this case, however, did not rest solely on its reading of *Air Lift,* but turned on its evaluation of the total factual picture.