**EZ LOADER BOAT TRAILERS, INC., Plaintiff,**

v.

**COX TRAILERS, INC., Defendant.**

No. 82 C 7457.

United States District Court, N.D. Illinois, E.D.

Aug. 24, 1983.

August E. Roehrig, Jr., Chicago, Ill., for plaintiff.

Pamela Johnson Hume, Clement, Brinks, Willian & Olds, Ltd., Chicago, Ill. and W.M. Webner, Littlepage & Webner, P.C., Arlington, Va., for defendant.

ORDER

BUA, District Judge.

The instant action concerns the defendant's use of the trademark "Superloader" which plaintiff contends will lead to confusion with plaintiff's own trademarks "EZ Loader" and "Mini Loader." Before the Court is the defendant's Motion for Summary Judgment. For the reasons stated herein, the Motion for Summary Judgment is granted for defendant.

Plaintiff and defendant are manufacturers of boat trailers. In 1977, defendant applied for registration of the "Superloader" trademark. This application was opposed because, plaintiff argued, use of the "Superloader" trademark would raise a likelihood of confusion with plaintiff's trademarks "EZ Loader" and "Mini Loader." In 1982, the Trademark Trial and Appeal Board of the United States Patent Office (TTAB) ruled against the plaintiff herein and issued the trademark to defendant. *EZ Loader Boat Trailers, Inc. v. Cox Trailers, Inc.*, 213 U.S.P.Q. 597 (TTAB 1982). In so ruling, the TTAB held that there was no likelihood of confusion between the two trademarks.

Following the adverse ruling of the TTAB, EZ Loader had two options; it could either seek a *de novo* hearing before a United States District Court, or it could appeal to the Court of Appeals for the Federal Circuit (CAFC), 15 U.S.C. § 1071, and thereby waive the right to a *de novo* hearing. 15 U.S.C. § 1071(b)(1). EZ Loader chose the latter course of action.

The CAFC held that the findings of the TTAB were correct and that no confusion was likely to occur between the two trademarks. *EZ Loader Boat Trailers, Inc. v. Cox Trailers*, 706 F.2d 1213 (Fed.Cir.1983). Plaintiff now claims that defendant's use of the trademark is unfair competition and trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1125(a) and

1114(1)(a). Plaintiff also alleges that defendant is guilty of common law unfair competition, deceptive trade practices, and consumer fraud as well as trademark dilution under 121½ Ill.Rev.Stat. § 262 et seq. and § 312. The essence of all of these claims is the likelihood of confusion between the two trademarks.

Defendant, in its Motion for Summary Judgment, contends that the CAFC ruling in the application proceedings bars the instant action because of the doctrine of collateral estoppel. This Court agrees.

In *Flavor Corporation of America v. Kemin Industries,* 493 F.2d 275 (8th Cir.1974), the Court considered the very issue here pending in the context of a trademark cancellation proceeding and held that the doctrine of collateral estoppel would apply to preclude a collateral challenge to a Court of Customs and Patent Appeals (CCPA) (the predecessor to the CAFC) determination of no likelihood of confusion. The Court based its holding upon the presence of three factors which are required before collateral estoppel can apply. Those prerequisites are: 1) the same parties or their privies must be involved in both actions, 2) the relevant factual issues presented must be the same in both actions, and 3) the Court deciding the first case must be a court of competent jurisdiction to bind the parties in a subsequent action. 493 F.2d at 279. Because the parties now before the Court are the same as those involved in the CAFC proceeding, the Court need only consider the final two factors listed above.

### Identity of Issues

The legal issue presented in a proceeding opposing the registration of a trademark is whether the mark sought to be registered:
" . . . consists of or comprises a mark which so resembles a mark registered in the Patent & Trademark Office or a mark or trademark previously used in the United States and not abandoned as to be likely, when applied to the goods of the applicant to cause confusion, or to cause mistake, or to deceive."
15 U.S.C. § 1052(d).

Clearly, an opposition proceeding decides the issue of the likelihood of confusion of the proposed trademark and an already registered or used trademark.[1] Nevertheless, the plaintiff argues that an infringement action brought under 15 U.S.C. § 1114 can be distinguished from an opposition proceeding and therefore, that different issues are presented in each.

There is some merit to plaintiff's argument. In infringement actions, courts deal primarily with the question of whether an alleged infringer has the right to use the mark. By contrast, in an opposition proceeding, only the right to register the mark is considered. 1 Jerome Gilson, Trademark Protection & Practice, § 3.05[6] (1979). However, because the test to be used in both actions is the same, this distinction is disregarded when considering the collateral estoppel effect to be given a CAFC (or previously a CCPA) decision.[2] *Libbey-Owens-Ford Glass Co. v. Shatterproof Glass Corp.,* 165 U.S.P.Q. 335 (E.D.Mich.1970). *See, also, Mayo Foundation v. Doxsee Food Corp.,* 183 U.S.P.Q. 335 (D.Minn.1974); 1 J. Gilson, *supra.*

In the instant case, the plaintiff presented factual issues in the opposition hearing which are identical to those presently before the Court. Indeed, the likelihood of confusion was central to its claim and was the only issue presented on appeal to the CAFC. While the case at bar is based upon several legal theories, at the heart of each is the issue of likelihood of confusion. Clear-

---

1. Plaintiffs argue that at the time of the registration proceedings its marks had not been registered and therefore could not have been considered by the CAFC. However, because there is no contention that the marks had not been used prior to the registration proceedings, 15 U.S.C. § 1052(d) would nevertheless bar registration of the proposed registrations if a likelihood of confusion had been found.

2. *See,* 15 U.S.C. § 1052(d) and 15 U.S.C. § 1114(1)(a), each of which considers whether the registration or use of a mark respectively, is likely "to cause confusion, or to cause mistake, or to deceive," *Id.* (commas not used in 15 U.S.C. § 1114(1)(a)) in light of another mark.

ly, the identity of issues prong of the collateral estoppel test has been met.

### Court of Competent Jurisdiction

Both parties agree that the CAFC is a court of competent jurisdiction to determine the likelihood of confusion in an opposition proceeding. However, the plaintiff contends that the factual findings of the CAFC should not be binding on the parties in this action because the CAFC could not have had jurisdiction over any cause of action dealing with the *use* of trademarks.

In *John Morrell & Co. v. Doyle,* 97 F.2d 232 (7th Cir.1938), the Seventh Circuit held that determinations of the Court of Customs and Patent Appeals (CCPA) were not entitled to collateral estoppel effect in subsequent infringement actions because the CCPA was not an Article III court (the CCPA was the forerunner of the CAFC). When *Morrell* was decided, the CCPA was an administrative arm of the Patent Office. *Postum Cereal Co. v. California Fig Nut Co.,* 272 U.S. 693, 47 S.Ct. 284, 71 L.Ed. 478 (1927). However, in 1948 Congress enacted 28 U.S.C. § 1256, permitting certiorari review by the Supreme Court of decisions of the CCPA. Finally, in 1958 the CCPA was accorded full Article III status. 28 U.S.C. § 211. *Brenner v. Manson,* 383 U.S. 519, 86 S.Ct. 1033, 16 L.Ed.2d 69 (1967) conclusively decided the status of the CCPA. The Supreme Court in *Brenner* held that decisions of the CCPA were to be "final and binding in the usual sense." 383 U.S. at 526, 86 S.Ct. at 1037. *Postum,* upon which *Morrell* was premised, was declared to have "no vitality in the present setting."

In 1982 Congress passed Pub.L. 97–164 creating the CAFC. 28 U.S.C. § 41. The legislative history of this new law provides important insight into the case at bar.

Congress has made clear that the CAFC is an Article III court and that it assumes all jurisdiction formerly accorded the CCPA. S.Rep. No. 275, 97th Cong., 2nd Sess. 2, *reprinted in* 1982 U.S.Code & Ad. News 11, 12. Clearly, *Brenner* remains in full force as applied to the CAFC. Moreover, Congress has made clear that the CAFC was established to bring about a "definitive adjudication of selected categories of cases" including patent and trademark cases. *Id.,* at 13. Indeed, the new court was created so that forum shopping and inconsistent decisions, such as that sought by plaintiff in the case at bar, could be avoided. *Id. See, also, id.,* at 15. Given this legislative history, it would be inconsistent to hold that the CAFC was not a court of competent jurisdiction to determine the issues presently before the Court. The third and final prong of collateral estoppel is therefore met. *See, Flavor Corporation of America v. Kemin Industries, Inc.,* 493 F.2d 275, 280–81 (8th Cir.1974).

### Conclusion

Because the issues presented in the case at bar have been decided in a proceeding before the CAFC involving the same factual issues and the same parties, collateral estoppel bars this court from determining the issues *de novo.* Summary judgment is therefore granted for the defendant.

IT IS SO ORDERED.