**EZ LOADER BOAT TRAILERS, INC.,**
**Plaintiff-Appellant,**

v.

**COX TRAILERS, INC.,**
**Defendant-Appellee.**

No. 83–2745.

United States Court of Appeals,
Seventh Circuit.

Argued May 21, 1984.

Decided Oct. 17, 1984.

As Amended Oct. 19 and Nov. 9, 1984.

August E. Roehrig, Jr., Emrich & Dithmar, Chicago, Ill., for plaintiff-appellant.

W. Mack Webner, Littlepage & Webner, P.C., Arlington, Va., for defendant-appellee.

Before WOOD and ESCHBACH, Circuit Judges, and CAMPBELL, Senior District Judge.*

ESCHBACH, Circuit Judge.

EZ Loader Boat Trailers, Inc. ("EZ") brought this action in the district court alleging violations of the Lanham Act, 15 U.S.C. §§ 1114(1)(a) and 1125(a), the Illinois Deceptive Trade Practices and Consumer Fraud Act, Ill.Rev.Stat. ch. 121½, ¶¶ 262 and 312, the Illinois Anti-Dilution Statute, Ill.Rev.Stat. ch. 140, ¶ 22, and common-law unfair competition arising from the use of the name "Super Loader" on boat trailers by Cox Trailers, Inc. ("Cox"). Cox moved for summary judgment, arguing that the issue of likelihood of confusion was central to all of EZ's claims, and that that issue had already been litigated in Cox's favor. The district court 568 F.Supp. 1229, found that EZ was collaterally estopped from contesting the issue of confusion by a decision of the Court of Appeals for the Federal Circuit, and granted Cox's motion. We affirm.

## I.

Both parties to this appeal manufacture boat trailers. The EZ trailers are sold under the names "EZ Loader," "Easy Loader," and "Mini Loader." In April 1979, Cox filed an application for registration of its mark "Super Loader" with the United States Patent and Trademark Office. EZ filed a Notice of Opposition to the registration and an opposition proceeding was instituted before the Trademark Trial and Appeal Board ("T.T.A.B."). EZ alleged in its opposition notice that "confusion, mistake and deception in the trade and in the minds of purchasers both as between the marks

of [EZ] and [Cox] and as to the origin of the respective products will be likely ...." The T.T.A.B. received testimony and hundreds of exhibits on the issue of likelihood of confusion between the marks.

In March 1982, the T.T.A.B. held that "the registration and use of 'Super Loader' for boat trailers will not result in a likelihood of confusion, mistake or deception of purchasers." *Ez Loader Boat Trailers, Inc. v. Cox Trailers, Inc.*, 213 U.S.P.Q. 597, 601 (1982). In July 1982, EZ appealed the findings of the T.T.A.B. to the Court of Appeals for the Federal Circuit. While awaiting the decision of that court, EZ filed the instant action in the United States District Court for the Northern District of Illinois. EZ's five-count complaint alleged that Cox's use of the mark "Super Loader" constituted trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114(1)(a) and 1125(a), and violated the Illinois Deceptive Trade Practices and Consumer Fraud Act, Ill.Rev.Stat. ch. 121½, ¶¶ 262 and 312, and the Illinois Anti-Dilution Statute, Ill. Rev.Stat. ch. 140, ¶ 22. One count also alleged that the use of the mark constituted common-law unfair competition. In every claim save the claim under the Anti-Dilution Act, EZ alleged that the use of the mark "Super Loader" in connection with boat trailers was likely to result in consumer confusion as to the source of Cox's trailers.

In May 1983, after the parties had briefed and argued the case in the district court, the Court of Appeals for the Federal Circuit released its opinion affirming the decision of the T.T.A.B. *EZ Loader Boat Trailers, Inc. v. Cox Trailers, Inc.*, 706 F.2d 1213 (Fed.Cir.1983). The court of appeals stated that the only question before it was "whether the respective marks are sufficiently similar that there is a likelihood of confusion among the customers as to the source of the particular mark." *Id.* at 1215. Noting that EZ did not challenge the

* The Honorable William J. Campbell, Senior District Judge, Northern District of Illinois, sitting by designation.

facts relied on by the T.T.A.B., and finding no error of law, the court of appeals affirmed the finding that no such likelihood existed.

Cox then moved for summary judgment in the district court, arguing that EZ was collaterally estopped from relitigating the issue of likelihood of conclusion and that a demonstration of such a likelihood was necessary for EZ to prevail on any of its claims. The district court agreed and granted the motion.

## II.

In this court, EZ presents several challenges to the grant of summary judgment. It argues that it was error for the district court to give collateral effect to the decision of the court of appeals because of the limited nature of the previous proceedings. It contends that the intervening grant of federal registrations for its trademarks makes reliance on the doctrine of collateral estoppel inequitable. Alternatively, it argues that the decision of the court of appeals does not preclude it from proceeding on all of its claims because likelihood of confusion, at least as found by the court of appeals, is not central to each claim.

### A. Application of Collateral Estoppel

■ Under the doctrine of collateral estoppel, once an issue has been "actually and necessarily determined, that determination is conclusive in subsequent suits based on a different cause of action" between the parties. *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649, n. 5, 58 L.Ed.2d 552 (1979); 1B Moore's Federal Practice ¶ 0.441 (1983). EZ does not argue that the Court of Appeals for the Federal Circuit is not a court of competent jurisdiction, nor can it argue that the court did not decide the issue of whether a likelihood of confusion exists between EZ's and Cox's marks. Its argument that collateral estoppel should not apply is based on its claim that it did not have a fair and full opportunity to litigate the question in the previous proceedings.

*See Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 333, 91 S.Ct. 1434, 1445, 28 L.Ed.2d 788 (1971); Restatement (Second) of Judgments § 28 (1982).

■ EZ's complaints center on what it perceives to be inadequacies in the proceedings before the T.T.A.B. Before we discuss these complaints further, it should be noted that, faced with an adverse determination by the T.T.A.B., EZ had a choice of appealing the Board's findings to the Court of Appeals for the Federal Circuit, or appealing to the district court. 15 U.S.C. § 1071. If EZ had chosen to appeal to the district court, it would have been entitled to a *de novo* hearing at which it could have introduced additional evidence. By choosing instead to appeal to the court of appeals, EZ waived its right to such a hearing. 15 U.S.C. § 1071(b)(1). The fact that EZ chose the forum in which to proceed weighs in favor of collateral application of that forum's findings, *see, e.g., Miller Brewing Co. v. Jos. Schlitz Brewing Co.*, 605 F.2d 990, 992 (7th Cir.1979), *cert. denied*, 444 U.S. 1102, 100 S.Ct. 1067, 62 L.Ed.2d 787 (1980), and of discounting EZ's complaints of procedural inadequacies. Nevertheless, we will examine these complaints in turn.

■ In arguing that it did not receive a full and fair opportunity to litigate the issue of confusion, EZ focuses on the T.T.A.B. proceedings. The T.T.A.B. is limited by statute to determining whether to grant or deny registration of a trademark; it may not decide whether the use of a certain trademark violates the Lanham Act or grant an injunction against an infringing use. *See* 15 U.S.C. § 1067. EZ contends that the limited jurisdiction of the T.T.A.B. argues against affording preclusive effect to its findings. However, the limited remedial powers of the Board are not in and of themselves an argument against the application of collateral estoppel. Courts have long held that where an agency acts in a judicial capacity and resolves disputes properly before it, the agency's findings may be

given preclusive effect as long as the procedures utilized by the agency do not prevent the party against whom estoppel will be applied from having a fair opportunity to present its case. *See United States v. Utah Construction and Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966) (res judicata); *Bowen v. United States,* 570 F.2d 1311, 1321–22 (7th Cir.1978) (collateral estoppel). There is no question that the T.T.A.B. was acting in a judicial capacity. An opposition proceeding *is* an adversary proceeding. Both parties to this appeal were represented by attorneys before the Board; both presented evidence and submitted briefs. Moreover, EZ sought and obtained judicial review of the Board's conclusions. *See Bowen,* 570 F.2d at 1322. We are not, therefore, concerned merely with the question of whether to give collateral effect to an agency determination.[1]

At least one other court has held that a decision of the Court of Customs and Patent Appeals (now the Court of Appeals for the Federal Circuit) affirming the T.T.A.B.'s finding of no likelihood of confusion collaterally estopped a plaintiff in a subsequent infringement action. *Flavor Corporation of America v. Kemin Industries, Inc.,* 493 F.2d 275 (8th Cir.1974). Nevertheless, we are cognizant of the fact that the court of appeals was, of course, dependent upon the record developed before the T.T.A.B., as we are of the general policy that "the rules of issue preclusion should not be inexorably applied when a fair opportunity to litigate the issue in the prior proceeding was lacking." *Bowen,* 570 F.2d at 1322; Restatement (Second) of Judgments, Title E, Issue Preclusion, Introductory Note (1982). We will therefore consider EZ's arguments that the proceedings before the T.T.A.B. did not afford it a fair opportunity to present its case.

EZ's first complaint is that the T.T.A.B. did not entertain live testimony from witnesses. EZ fails to disclose how its case was affected in any way by the Board's reliance on deposition testimony submitted by the parties, much less how it was disadvantaged by that method. The T.T.A.B. received testimony on behalf of both parties, and rebuttal testimony from EZ. *EZ Loader Boat Trailers, Inc.,* 213 U.S.P.Q. at 598.

EZ also complains that the Board did not have before it evidence of EZ's advertising expenditures. However, an examination of the Board's opinion reveals that the lack of this evidence was not due to a procedural policy of the Board; EZ chose not to submit these figures, apparently out of a concern that Cox would misuse them. *Id.* at 600 n. 7.[2] Moreover,

> the requirement of collateral estoppel that the issue be "actually litigated" does not require that the issue be thoroughly litigated. Collateral estoppel may apply "no matter how slight was the evidence on which a determination was made, in the first suit, of the issue to be collaterally concluded."

*Continental Can Co., U.S.A. v. Marshall,* 603 F.2d 590, 596 (7th Cir.1979) (quoting 1B Moore's Federal Practice ¶ 0.441[2] (2d ed. 1974)).

Beyond disputing the evidentiary record before the Board (and thus before the court of appeals), EZ also disputes the method by which it claims the Board arrived at its finding that no confusion was likely. According to EZ, the Board's decision was based on a comparison of "two naked trademarks," rather than on a comparison of the manner in which the marks were

---

**1.** 15 U.S.C. § 1052 lists the situations in which trademark registration should be denied. Section 1052(d) forbids the registration of trademarks which so resemble other marks currently in use that the applicant's use would be likely to cause confusion, mistake, or deception.

**2.** The Board noted that EZ could have submitted approximations of its figures. EZ complains that such approximations would be meaningless unless they disclosed substantially the same information EZ sought to protect. However, if EZ believed such information was crucial to its case and might have changed the Board's result, it could have appealed the Board's determination to the district court and there sought a protective order.

used. *See Allied Mills, Inc. v. Janitor Supply Co.*, 188 U.S.P.Q. 507, 509 (N.D. Ind.1975) (collateral effect of Court of Customs and Patent Appeals affirmance of T.T.A.B. decision dependent on context in which decision made). However, EZ's characterization of the T.T.A.B.'s method cannot withstand an examination of the T.T.A.B.'s opinion. In reaching its conclusion, the Board examined not only the marks in isolation, but also the manner in which they were affixed to the trailers, their use in sales and advertising brochures, and the channels through which the products were marketed. *EZ Loader Boat Trailers, Inc.*, 213 U.S.P.Q. at 601 ("the marks in issue must be considered in their entireties because that is how they impact on consumers in a 'real world' marketing environment"). We see no merit to EZ's claim that the Board's examination of the marks was unduly limited.

In conclusion, we are unable to agree that procedural limitations in the prior proceedings impaired EZ's presentation of its case.

### B. Effect of Federal Trademark Registrations

In October 1982, after appeal from the T.T.A.B.'s decision had been taken, but before the court of appeals had announced its decision, EZ was granted federal registrations for some of its trademarks. EZ contends that the registrations confer substantial procedural advantages that it lacked in the previous proceedings, and that it would be unfair to give collateral effect to a decision rendered without the benefit of these registrations. *See* Restatement (Second) of Judgments § 28(4) (1982) (exception to rule of issue preclusion where party against whom preclusion sought had a significantly greater burden of persuasion in initial action, burden has shifted to adversary, or adversary has significantly greater burden). In order to assess EZ's claim that the registrations lessen significantly its burden of proof on the issue of likelihood of confusion, we must examine what advantages are gained by the grant of a federal trademark registration.

By statute, a certificate of registration is "prima facie evidence of the validity of the registration, registrant's ownership of the mark, and of registrant's exclusive right to use the mark in commerce in connection with the goods ..." specified in the certificate. 15 U.S.C. § 1057(b).

█ Despite EZ's argument that the lack of registration allowed Cox freely to argue that EZ's marks were invalid, the Board accepted the validity of the marks as well as EZ's ownership of the marks and its priority of use. EZ also argues that, because the registrations had not yet issued, Cox was able to argue that its marks were merely descriptive. However, the registration of a trademark does not confer upon that mark a presumption of nondescriptiveness, *see Chicago Reader, Inc. v. Metro College Publishing Co.*, 711 F.2d 801 (7th Cir.1983) (rejecting argument that grant of registration indicates mark not descriptive); *Telemed, Inc. v. Tel-Med, Inc.*, 588 F.2d 213 (7th Cir.1978), at least where the mark has not become incontestable, *see Union Carbide Corp. v. Ever-Ready, Inc.*, 531 F.2d 366 (7th Cir.), *cert. denied*, 429 U.S. 830, 97 S.Ct. 91, 50 L.Ed.2d 94 (1976). Moreover, while the T.T.A.B. found the word "Loader" highly suggestive of EZ's products, it also found that the mark "EZ Loader" has acquired distinctiveness as a source of EZ's trailers. *EZ Loader Boat Trailers, Inc.*, 213 U.S.P.Q. at 600.

We do not find that the procedural advantages conferred by registration are substantial, at least in the context of determining the issue of likelihood of confusion. Therefore, we see no inequity in applying collateral effect to the decision of the Court of Appeals for the Federal Circuit.

### C. Grant of Summary Judgment

Before we may conclude that the district court correctly granted summary judgment on the basis of collateral estoppel, we must determine whether a finding adverse to EZ on the issue of likelihood of confusion necessarily precludes EZ from establishing any of its claims. The issue, then, is whether a showing that a likelihood of con-

fusion exists between EZ's and Cox's marks is a prerequisite to recovery on each count of the complaint.

EZ does not argue that it would be unnecessary to establish likelihood of confusion in its trademark infringement action. Rather, it argues that a finding that no such likelihood exists cannot preclude it from establishing its Illinois statutory or common-law claims, or its claim under 15 U.S.C. § 1125(a). We examine EZ's arguments in turn.

### 1. Illinois Claims

EZ's complaint alleges both common law unfair competition and violation of the Illinois Deceptive Trade Practices and Consumer Fraud Act, § 2(2)–(3), Ill.Rev.Stat. ch. 121½, ¶ 312. Illinois courts have held that the Act merely codifies the Illinois common law of unfair competition, *see, e.g., National Football League Properties, Inc. v. Consumer Enterprises, Inc.,* 26 Ill. App.3d 814, 327 N.E.2d 242 (1975), *cert. denied,* 423 U.S. 1018, 96 S.Ct. 454, 46 L.Ed.2d 390 (1975), and we will discuss the claims together.

EZ contends that unfair competition is a broader cause of action than trademark infringement because the test of confusion under unfair competition encompasses the whole product and its dress, not just the use of the trademark. *See Ye Olde Tavern Cheese Products, Inc. v. Planters Peanuts Div.,* 261 F.Supp. 200, 207 (N.D.Ill.1966), *aff'd,* 394 F.2d 833 (7th Cir.1967) (per curiam). As we have already noted, however, the finding that there exists no likelihood of confusion between the marks was based on an examination of the marks and the products to which they are affixed. Moreover, EZ's complaint, coupled with its requests for admissions and interrogatories,

demonstrates that it is not the manner in which Cox uses the mark "Super Loader," or its appearance on the trailers, which EZ believes will result in confusion; it is the use of the mark "Super Loader" itself. EZ does not complain that Cox has appropriated its trade dress or fashioned its marks to approximate EZ's trademark design. Its sole dispute with Cox is over the use of the words "Super Loader." [3] Under the facts of this case, it is clear that the decision of the court of appeals would estop EZ on its Illinois unfair competition claims.

EZ further complains that the court of appeals' decision cannot foreclose its cause of action under the Illinois Anti-Dilution Statute, Ill.Rev.Stat. ch. 140, ¶ 22, because that statute by its terms does not require a showing of likelihood of confusion. However, the Illinois courts have consistently held that the protections of the Anti-Dilution Statute are unavailable to competitors. As the court explained in *Filter Dynamics International, Inc. v. Astron Battery, Inc.,* 19 Ill.App.3d 299, 314–315, 311 N.E.2d 386, 398–399 (1974):

> The Anti-Dilution Statute is designed to protect a strong trade name or mark from use by another and hence dilution regardless of competition between the parties.... Dilution of a particular trademark can occur even though there may be no likelihood of confusion because the parties are not in competition; but where the parties are in competition and the plaintiff could not obtain relief under the traditional laws of infringement and unfair competition, he will not be able to obtain relief under the Anti-Dilution Statute.

*Accord Edgewater Apartments Corp. v. Edgewater Beach Management Co.,* 12 Ill.

---

**3.** Count V of the complaint, which alleges deceptive trade practices, tracks the language of § 2(2)–(3) of the Act, Ill.Rev.Stat. ch. 121½, ¶ 312:

> The Defendant's use of the name "Super Loader" on boat trailers is likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of boat trailers bearing the "Super Loader," as being

affiliated, sponsored, associated, approved, or certified by EZ Loader.

Count II, EZ's common-law unfair competition claim, is to the same effect. None of the factual allegations of the complaint suggest that EZ believes that the confusion it considers likely would result from anything beyond the mere use of the words "Super Loader."

App.3d 526, 299 N.E.2d 548 (1973). EZ and Cox are competitors and EZ cannot claim protection under the Statute.

## 2. Federal Claims

EZ also claims that the use of the mark "Super Loader" constitutes unfair competition under 15 U.S.C. § 1125(a) (false designation of origin). However, relief under this statute also requires EZ to demonstrate a likelihood of consumer confusion as to the origin of Cox's goods. *See, e.g., International Order of Job's Daughters v. Lindeburg & Co.,* 633 F.2d 912, 917 (9th Cir.1980), *cert. denied,* 452 U.S. 941, 101 S.Ct. 3086, 69 L.Ed.2d 956 (1981). EZ makes the same arguments here about the breadth of an unfair competition claim as it made in connection with its state-law unfair competition claims. However, under the facts of this case, EZ's arguments are to no more avail under the federal statute than they are under the state statute.

We do not here hold that a final decision of the Court of Appeals for the Federal Circuit affirming a decision of the T.T.A.B. always works an estoppel in subsequent trademark infringement and unfair competition actions. The facts and proceedings underlying the court's decision must, of course, be scrutinized to determine that the issue upon which preclusion is sought was before the court, and that the previous proceedings afforded a fair opportunity to present the issue. However, on the facts of this case, we believe that the district court properly accorded collateral effect to the court of appeals' decision, and correctly determined that EZ could not thereafter prevail on any of the causes of action alleged in the complaint. Thus, we agree with the district court that summary judgment was appropriate.[4]

## III.

For the reasons expressed above, the judgment of the district court is affirmed.

---

4. Cox requests attorney's fees for its preparation of this appeal, arguing that the appeal was un-reasonably taken. We disagree, and the request for attorney's fees is denied.