**DOOR SYSTEMS, INC., a Delaware corporation, Plaintiff,**

v.

**OVERHEAD DOOR SYSTEMS, INC.; Aero Garage Door Systems, Inc.; Professional Door Systems, Inc.; Pro–Line Door Systems, Inc.; and Ralph Bradley Corporation (dba Raynor Door Systems and Northfield Door Systems), all Illinois corporations, Defendants.**

No. 91 C 8050.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 30, 1995.

Eric F. Greenberg, Bullwinkel Partners, Ltd., Chicago, IL, James Maher, Chicago, IL, for Plaintiff.

Terry Sullivan, Law Offices of Terry Sullivan Ltd., Rolling Meadows, IL, for Defendant Pro–Line Door Systems, Inc.

## MEMORANDUM OPINION AND ORDER

KEYS, United States Magistrate Judge.

This matter comes before the Court on Defendant's Motion for Summary Judgment,[1] pursuant to Federal Rule of Civil Procedure 56. For the following reasons, this Court grants Defendant's Motion.

### BACKGROUND

Plaintiff, Door Systems, Inc., sells and services automatic doors and their controlling devices. Plaintiff has used the name "Door Systems", in connection with its services and products, continuously since approximately 1980. On December 26, 1989, Plaintiff registered a trademark under § 2(f) of the Lan-

ham Trademark Act, 15 U.S.C. § 1052. The registered trademark is a rectangle in which the word "door" is written in white letters against a black background, followed by the word "systems" written in black letters against a white background. The lettering is stylized, with the first letters of "door" and "systems" creating part of the rectangular boundary housing the logo. Since at least 1984, Plaintiff's advertising has incorporated the registered design.

Defendant,[2] Pro–Line Door Systems, Inc., sells and services automatic doors and their controlling devices. Defendant has used the term "door systems" in its name, and in connection with its services and products, as well as its advertising, since 1986.

A number of other businesses throughout the United States, including, but not limited to, manufacturers of overhead garage doors, use the term "door systems" in their trade names. Additionally, several registered federal and state trademarks incorporate the words "door" and "systems". Further, the 1992–1993 Product Reference Manual of the Door Operators and Dealers Association indicated that several manufacturers of overhead garage doors use the term "door systems" in their names or advertising.

On June 2, 1993, Magistrate Judge Gottschall granted summary judgment as to Count I, in favor of Defendant, on the grounds that the term "door systems" is generic and, therefore, is not entitled to protection under federal law.

### DISCUSSION

#### Summary Judgment Standard

Under the Federal Rules of Civil Procedure, summary judgment is appropriate if "there is no genuine issue as to any material fact, and . . . the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P.

---

1. Plaintiff's Complaint contained five counts. In an earlier decision, Defendant was granted summary judgment as to Count I, Infringement of Federally Registered Trademark. *See infra* at 2. Plaintiff conceded that the grant of summary judgment as to Count I also disposed of Count III, Illinois Trademark Infringement. (Plaintiff's Memorandum in Opposition to Defendant Pro-

Line Door Systems, Inc.'s Motion for Summary Judgment [Pl.'s Mem.Opp.] at 2.) Thus, only the three remaining counts are addressed in this Opinion.

2. Pro–Line Door Systems, Inc. is the only remaining defendant.

56(c). This standard places the initial burden on the moving party to identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (quoting FED.R.CIV.P. 56(c).) Summary judgment is then appropriate, unless there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *County of Vernon v. United States*, 933 F.2d 532, 534 (7th Cir.1991); *see also Jones v. Banks*, 878 F.Supp. 107, 110 (N.D.Ill.1995). In deciding a motion for summary judgment, the Court must view all facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Griffin v. Thomas*, 929 F.2d 1210, 1212 (7th Cir.1991). However, the Court is "not required to draw every conceivable inference from the record [in favor of the non-movant]—only those inferences that are reasonable". *Bank Leumi Le–Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir.1991).

## A. *FEDERAL LAW CLAIM*

### *Count II—False Designation of Origin*

■ Count II of Plaintiff's Complaint requests damages, resulting from Defendant's alleged false designation of origin, under § 43(a) of the Lanham Act, 15 U.S.C. § 1125. As discussed above, Magistrate Judge Gottschall found "door systems" to be a generic term. Once a word is determined to be generic, the word can be used by any competitor to describe its product. *See Sunmark, Inc. v. Ocean Spray Cranberries, Inc.*, 64 F.3d 1055, 1058 (7th Cir.1995); *Blau Plumbing, Inc. v. S.O.S. Fix–It, Inc.*, 781 F.2d 604, 609 (7th Cir.1986); *see also Liquid Controls Corp. v. Liquid Control Corp.*, 802 F.2d 934, 935 (7th Cir.1986) ("A generic or common descriptive term can never function as a trademark.")

Notwithstanding Magistrate Judge Gottschall's ruling, Plaintiff argues that it is still entitled to relief under § 43 of the Lanham Act. Section 43(a)(1) of the Lanham Act, as amended, provides that:

> Any person who, on or in connection with any goods or services ... uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin ... which—
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person ...
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

Here, Plaintiff alleges that Defendant, through its advertisements, attempted to pass itself off as being associated with Plaintiff. The essence of a "passing off" complaint under § 43(a) is an attempt to appropriate a competitor's sales by convincing consumers that they are dealing with that competitor, when actually they are buying from the passer off. *Liquid Controls*, 802 F.2d at 940.

Plaintiff makes three allegations in support of its passing off claim. First, Plaintiff argues that Defendant intentionally copied the term "door systems". Second, Plaintiff argues that Defendant increased the prominence of the term in its advertisements. Third, Plaintiff cites two instances of customer confusion.

### 1. Copying of the term "door systems"

■ Assuming *arguendo* that Defendant first conceived of the idea to use the term "door systems" from seeing Plaintiff's advertisement or name, "copying is not passing off per se." *Blau*, 781 F.2d at 611; *see Liquid Controls*, 802 F.2d at 940. In fact, copying a generic term is consistent with an inference that the copier merely wanted to inform consumers about properties of its own product. *Liquid Controls*, 802 F.2d at 940; *Blau*, 781 F.2d at 611. After all, competitors have a right to describe and market their own brand of a particular product. *Blau,* 781 F.2d at 609–11. Such "copying" informs, rather than confuses, consumers. *Id.* at 611. Thus,

Plaintiff's "copying" allegation does not lend support to its passing off claim.

## 2. Prominence of the term "door systems" in Defendant's advertisements

■ Plaintiff claims that the sequence of changes to Defendant's name configuration, or logo, shows an intent to pass off Defendant's goods and services as those of Plaintiff. Although Plaintiff properly articulates that generic words incorporated in a distinctive logo may be protected, that protection concerns only the particular manner in which the generic words are displayed. *Sweats Fashions, Inc. v. Pannill Knitting Co., Inc.,* 833 F.2d 1560, 1564–66 (Fed.Cir.1987).

■ Plaintiff argues that Defendant increased both the size and prominence of the term "door systems" in its advertisements, as part of a scheme to confuse customers by convincing them that there is an association between Plaintiff and Defendant. It is true that the lettering of Defendant's name in its advertisements has undergone changes.[3] However, Defendant uses no split of color or stylization of its letters in its name, and has no box around the words "door systems". The typeface used in lettering Defendant's name is different than Plaintiff's. Defendant's advertisements clearly differentiate the source of its products and services as "The Original Prospect Door Company" and "Don Craig Family Operation". (Pl.'s Mem. Opp. at Ex. D.) In fact, the only similarity is the permitted use of the generic description "door systems" and the descriptions of services offered, e.g. twenty-four hour emergency service. These descriptions are included to advise consumers of the available goods and services, rather than to identify a particular source. Given Defendant's clearly stated designation of origin, and the complete lack of similarity between Plaintiff's logo and Defendant's name, as it appears in its advertisements, the Court finds the evidence insufficient to create a question of fact as to likelihood of confusion.

## 3. Actual customer confusion

■ An essential element of a claim under § 43(a)(1) is that consumers are likely to be confused as to the origin of Defendant's goods or services. Here, Plaintiff sets forth as its sole evidence of confusion, instances in which two customers were possibly confused. However, no protection is available against confusion generated by mere similarity of names. *Liquid Controls,* 802 F.2d at 940. "[C]onfusion is endemic to consumer markets...." *Blau,* 781 F.2d at 610.

■ Plaintiff's president, James Weeks, testified about general customer confusion. (Pl.'s Mem.Opp. at Ex. F.) However, the only specific incident of confusion Mr. Weeks could recall concerned his friend, and customer, Mr. Henney. (Id.) According to Mr. Weeks, Mr. Henney said that "[h]e didn't know there was another door systems." (*Id.* at Ex. F, p. 54.) Plaintiff also provided an affidavit from one of its employees, Lee Berggren, stating that a customer attempted to submit one of Defendant's coupons as partial payment for Plaintiff's work. (*Id.* at Ex. E.) Plaintiff provided neither an affidavit from that customer, John Idstein, nor provided a statement from Mr. Idstein as to why he presented the coupon to Plaintiff. There is no evidence that Mr. Idstein's confusion was due to anything other than the similarity of the parties' names. The Court finds that Plaintiff has shown no evidence of actual, or even potential, confusion resulting from anything other than the similarity of the parties' names. *Liquid Controls,* 802 F.2d at 939–40 (no protection available against confusion generated by mere similarity of name).

## 4. Summary of findings as to Count II

■ Passing off requires that the passer off confuse, or is likely to confuse, customers as to the source of the product or service. Although Defendant's advertising over time

---

**3.** Initially Defendant's name was printed in large bold letters, with the adjoining term "door systems" in smaller letters. (Pl.'s Mem.Opp. at Ex. B.) Later, the term "door systems" was printed in the same size letters as Defendant's name.

(Pl.'s Mem.Opp. at Ex. C.) In the most recent advertisement submitted, there was no differentiation in the size or prominence of Defendant's name and the term "door systems". (Pl.'s Mem. Opp. at Ex. D.)

has increased the prominence of the term "door systems", this Court finds that the evidence is insufficient for a reasonable factfinder to infer that Defendant passed itself off as affiliated with Plaintiff. The Court finds unsupported by any evidence, the argument that Plaintiff's distinctive logo was, or could be, confused with Defendant's plain, unadorned, non-stylized lettering of the generic term. Any confusion (of which there is scant or no evidence) appears to result from both parties' use of the generic term "door systems", not from the alleged similarity of logos, and Plaintiff has failed to provide evidence to the contrary. Neither Plaintiff's allegations nor limited evidence provides enough for a reasonable person to find Defendant's name and advertisements likely to cause confusion, mistake or deceive any more so than the use of any other generic term, by competitors, to describe their products or services. Moreover, Plaintiff has not demonstrated even the minimal level of confusion or likelihood of confusion necessary to state a claim. *See Sunmark,* 64 F.3d at 1060 (finding "remarkably low" level of confusion where survey reported that only 3 out of 257 individuals were confused by a candy named "*Swee*TARTS" and a Cranberry juice described as "sweet-tart"); *Liquid Controls,* 802 F.2d at 940 (holding that evidence of confusion was insufficient where plaintiff merely showed that mail was occasionally misdirected). After examining and considering the arguments and evidence presented, this Court finds there is not sufficient evidence from which a reasonable finder of fact could return a verdict for Plaintiff on Count II.[4]

### B. *STATE LAW CLAIMS*

Under the rules of supplemental jurisdiction, 28 U.S.C. § 1367(c)(3),[5] this Court may decline to exercise supplemental jurisdiction over claims raising issues of state law where "the district court has dismissed all claims over which it has original jurisdiction". In Plaintiff's Complaint, only Counts I and II gave this Court original jurisdiction. Count I was disposed of on June 2, 1993, and the Court, in this Memorandum Opinion and Order, has disposed of Count II.

 Generally, the Court should relinquish jurisdiction over pendent state claims if the federal claims are dismissed before trial, unless unusual circumstances exist. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Wright v. Associated Ins. Cos. Inc.,* 29 F.3d 1244, 1251 (7th Cir.1994). However, in some cases, "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness and comity—will point to federal decision of the state-law claims on the merits." *Wright,* 29 F.3d at 1251; *see Timm v. Mead Corp.,* 32 F.3d 273, 276–77 (7th Cir. 1994). Especially where there are no difficult state law issues implicated by the pendent claims, under the discretionary principle, it is entirely appropriate for a federal court to decide those claims even after dismissing the main claim. *Timm,* 32 F.3d at 277. Further, if the proper disposition of a pendent claim is so clear, as a matter of state law, that it could be determined without further trial proceedings, considerations of judicial economy warrant retention and decision. *Brazinski v. Amoco Petroleum Additives Co.,* 6 F.3d 1176, 1182 (7th Cir.1993).

 In balancing the factors, this Court notes that the action was filed approximately

---

**4.** The Seventh Circuit recently adopted an analysis of the fair use doctrine that, by itself, disposes of Plaintiff's claim in Count II. In *Sunmark,* the Seventh Circuit held that a potential competitor could use a trademarked term, to describe the characteristics of its product, under the fair use doctrine. 64 F.3d at 1058. When a company merely describes its goods and, in using a term, does not intend to designate the origin, then that use of the description is protected by the fair use doctrine under 15 U.S.C. § 1115(b)(4). *Id.* "The use of a similar name by another to truthfully describe his own product does not constitute a legal or moral wrong, even if its effect be

to cause the public to mistake the origin of the product." *Id.* at 1059 (quoting *William R. Warner & Co. v. Eli Lilly & Co.,* 265 U.S. 526, 529, 44 S.Ct. 615, 616, 68 L.Ed. 1161 (1924).)

Here, it is clear that Defendant was using the term "door systems" to describe its product rather than to designate the origin.

**5.** 28 U.S.C. § 1367 applies to actions commenced on or after December 1, 1990. Plaintiff's Complaint was filed on December 17, 1991, therefore § 1367 applies.

four years ago. Judicial efficiency weighs heavily in favor of retaining jurisdiction, in light of this Court's long-term familiarity with the record. There are no difficult issues of state law here, so comity does not weigh in favor of sending the remaining claims to state court. Nor do considerations of fairness or convenience favor sending this case to state court. Indeed, one element of fairness is bringing disputes to a timely conclusion, and sending the matter to state court would only add to the length of time necessary to resolve this dispute. *See Ivey v. Harney*, No. 92 C 6875, 1995 WL 573416, at *12 (N.D.Ill. Sept. 27, 1995).

Having balanced all the factors, the Court finds that retention of the pendent claims is warranted. Thus, this Court will continue to exercise jurisdiction over this matter and will decide the state law claims in Counts IV and V.

### 1. *Count IV—Illinois Trademark Dilution*

Count IV of Plaintiff's Complaint requests injunctive relief, to prevent alleged trademark dilution resulting from Defendant's use of the term "door systems", under the Illinois Anti–Dilution Statute, 765 ILCS 1035/15.

■ "[T]he Illinois Courts have consistently held that the protections of the Anti–Dilution Statute are unavailable to competitors." *EZ Loader Boat Trailers, Inc. v. Cox Trailers, Inc.*, 746 F.2d 375, 380–381 (7th Cir.1984). *See Filter Dynamics Int'l, Inc. v. Astron Battery Inc.*, 19 Ill.App.3d 299, 311 N.E.2d 386, 399 (1974) (relief under Anti–Dilution Statute is unavailable where parties are competitors and plaintiff was unable to obtain relief under traditional laws of infringement and unfair competition).

In this case, the parties are clearly competitors. In fact, according to Plaintiff, "the parties here sell identical or nearly identical goods and services . . . ." (Pl.'s Mem.Opp. at 6.) Here, not only is relief under the Anti–Dilution Statue unavailable, since the parties are competitors, but additionally, such relief is unavailable since the Court has already denied Plaintiff's infringement claims..

Therefore, this Court enters judgment in favor of Defendant on Count IV.

### 2. *Count V—Illinois Deceptive Practices and Consumer Fraud*

Count V of Plaintiff's Complaint requests damages, resulting from Defendant's alleged deceptive business practices and consumer fraud, under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2. In support of its claim of unfair or deceptive business practices, Plaintiff places sole reliance upon allegations that Defendant violated the Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq.[6] The Uniform Deceptive Trade Practices Act provides:

> A person engages in a deceptive trade practice when, in the course of his business, vocation or occupation, he:
>
> (1) passes off goods or services as those of another;
>
> (2) causes likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services;
>
> (3) causes likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another . . . .

815 ILCS 510/2.

■ "Essential to the maintenance of an action under this statute are well-pleaded allegations indicating the existence of a 'likelihood of confusion.' " (Pl.'s Mem.Opp. at 9, citing *T.J. Hooker v. Columbia Pictures Indus., Inc.*, 551 F.Supp. 1060, 1064 (N.D.Ill. 1982).) As with its claim under § 43 of the Lanham Act (Count II), Plaintiff must demonstrate that Defendant created a likelihood of confusion as to the origin of its goods and services. *T.J. Hooker*, 551 F.Supp. at 1065. This Court has already found that there is not sufficient evidence for a finder of fact to conclude that Defendant's name and advertisements are likely to cause confusion. Further, there is no evidence that Defendant has failed to use reasonable care in informing the public of the source of its goods and services.

---

**6.** The Illinois Consumer Fraud and Deceptive Business Practices Act declares unlawful any practice described in § 2 of the Uniform Deceptive Trade Practices Act. 815 ILCS 505/2.

Therefore, this Court enters judgment in favor of Defendant on Count V.

### CONCLUSION

There are no genuine issues of material fact as to Counts II, IV and V of Plaintiff's Complaint, and Defendant is entitled to judgment as a matter of law as to Counts II, IV, and V. Thus, summary judgment is appropriate and Plaintiff's Complaint is dismissed with prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment be, and the same hereby is, **GRANTED.**